Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
SARN FIN SAECHOO and LAY HIN SAETERN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| SARN FIN SAECHOO and LAY HIN SAETERN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case arises from the June 29, 2025, officer-involved death of 37-year-old SCOTT SAETERN caused by police officers employed by the CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

1

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4. On August 5, 2025, SARN FIN SAECHOO and LAY HIN SAETERN submitted a timely and substantially compliant government claim to the CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT relating to the claims alleged in this case. (Claim No. CL-25-21.)

5. On August 7, 2025, the CITY OF ELK GROVE issued a Notice of Rejection of the government claim.

6. By September 19, 2025, the ELK GROVE POLICE DEPARTMENT failed or refused to act on the government claim within 45 days after the government claim was presented.

## PARTIES

7. Plaintiff SARN FIN SAECHOO is a resident of the County of Sacramento, California. Plaintiff SARN FIN SAECHOO is the biological father of SCOTT SAETERN. Plaintiff SARN FIN SAECHOO resided with and was financially dependent on SCOTT SAETERN, prior to his death. Plaintiff SARN FIN SAECHOO brings this action in an individual capacity, on behalf of himself.

8. Plaintiff LAY HIN SAETERN is a resident of the County of Sacramento, California. Plaintiff LAY HIN SAETERN is the biological mother of SCOTT SAETERN. Plaintiff LAY HIN SAETERN resided with and was financially dependent on SCOTT SAETERN, prior to his death. Plaintiff LAY HIN SAETERN brings this action in an individual capacity, on behalf of herself.

9. Defendant CITY OF ELK GROVE is located in the County of Sacramento, California. Defendant CITY OF ELK GROVE is a "public entity," pursuant to California Government Code section 811.2.

10. Defendant ELK GROVE POLICE DEPARTMENT is located in County of Sacramento, California. Defendant ELK GROVE POLICE DEPARTMENT is a "public entity," pursuant to

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

1  California Government Code section 811.2.

2      11.    Defendant ROBERT DAVIS is and was, at all times material herein, a law enforcement

3  officer and the police chief for Defendants CITY OF ELK GROVE and ELK GROVE POLICE

4  DEPARTMENT, acting within the scope of employment and under color of state law. Defendant

5  ROBERT DAVIS is sued in an individual capacity.

6      12.    Defendants DOE 1 to 10 are and/or were offices, employees, agents, and/or contractors of

7  Defendants CITY OF ELK GROVE and/or ELK GROVE POLICE DEPARTMENT, acting within the

8  scope of agency or employment and under color of state law. Defendants DOE 1 to 10 are sued by

9  fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

11      13.    At all times relevant herein, all wrongful acts described were performed under color of

12  state law and/or in concert with or on behalf of those acting under the color of state law.

13      14.    On June 28, 2025, SCOTT SAETERN encountered Defendants DOE 1 to 10, Elk Grove

14  Police Department police officers, who caused SCOTT SAETERN to sustain life-threatening injuries.

15      15.    On information and belief, SCOTT SAETERN's behavior led Defendants DOE 1 to 10 to

16  believe that SCOTT SAETERN was suffering a mental health crisis. Defendants DOE 1 to 10 failed

17  adequately to approach, deescalate, and contact SCOTT SAETERN. Defendants DOE 1 to 10's actions

18  and inactions failed to comply with national, state, and local standards, including the California

19  Commission on Peace Officer Standards and Training ("POST") Learning Domain 20 (Use of

20  Force/Deescalation); and Elk Grove Police Department Policy 300 (Use of Force), Policy 418 (Mental

21  Illness Commitments), Policy 418 (Intoxicated Persons), Policy 466 (Crisis Intervention Incidents).

22      16.    On information and belief, Defendants DOE 1 to 10 brought SCOTT SAETERN to the

23  ground, restrained his arms with handcuffs, and applied a WRAP restraint device to immobilize him.

24  Defendants DOE 1 to 10 utilized excessive force to restrain SCOTT SAETERN. Defendants DOE 1 to

25  10's actions and inactions failed to comply with national, state, and local standards, including the

26  California Commission on Peace Officer Standards and Training ("POST") Learning Domain 20 (Use of

27  Force/Deescalation), Learning Domain 31 (Custody), Learning Domain 33 (Arrest and Control),

28  Learning Domain 37 (People with Disabilities); and Elk Grove Police Department Policy 300 (Use of

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

Force), Policy 306 (Handcuffing and Restraints), Policy 308 (Control Devices and Techniques), Policy 418 (Mental Illness Commitments), Policy 418 (Intoxicated Persons), Policy 466 (Crisis Intervention Incidents).

17. SCOTT SAETERN sustained numerous burns across his body caused by Defendants DOE 1 to 10 holding and pinning him against the hot pavement, where the temperature reached 97° degrees on that day.

18. On information and belief, SCOTT SAETERN experienced a medical emergency caused by Defendants DOE 1 to 10's use of force and application of restraints. Defendants DOE 1 to 10 did not provide sufficient monitoring or care to SCOTT SAETERN. SCOTT SAETERN displayed behavior which Defendants DOE 1 to 10 knew or should have known required immediate medical attention and Defendants DOE 1 to 10 could have provided treatment. SCOTT SAETERN did not receive timely or appropriate treatment for his medical distress and condition. Defendants DOE 1 to 10's actions and inactions failed to comply with national, state, and local standards, including the California Commission on Peace Officer Standards and Training ("POST") Learning Domain 20 (Use of Force/Deescalation), Learning Domain 31 (Custody), Learning Domain 33 (Arrest and Control), Learning Domain 34 (First Aid, CPR, and AED), Learning Domain 37 (People with Disabilities); and Elk Grove Police Department Policy 306 (Handcuffing and Restraints), Policy 308 (Control Devices and Techniques), Policy 323 (Prisoner Transport), Policy 418 (Mental Illness Commitments), Policy 418 (Intoxicated Persons), Policy 466 (Crisis Intervention Incidents), Policy 470 (Medical Aid and Response), Policy 1022 (Seat Belts).

19. SCOTT SAETERN was transported to the Kaiser Permanente South Sacramento Medical Center. SCOTT SAETERN was unconscious, placed on placed on life-support, and determined to be brain-dead.

20. On June 29, 2025, SCOTT SAETERN died from his injuries.

21. On August 5, 2025, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN made a request for records to Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS, in attempt to learn the circumstances of SCOTT SAETERN's injuries and death.

22. On September 16, 2025, Defendant CITY OF ELK GROVE responded to the records request as follows: "records in the City's possession which are responsive to your August 5, 2025, public

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

records request are exempt from disclosure pursuant to California Government Code sections 7923.600-7923.625 and Evidence Code section 1040."

23. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN lack access to critical information related to SCOTT SAETERN's death, including details of SCOTT SAETERN's encounter with Defendants DOE 1 to 10, SCOTT SAETERN's death, and the identities of Defendants DOE 1 to 10 and other witnesses.

## POLICY / CUSTOM ALLEGATIONS

24. Defendant ROBERT DAVIS was a final policy-making authority as police chief for Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT, including as it relates to the training, supervision, and discipline of personnel under his command. Defendant ROBERT DAVIS "is responsible for administering and managing the Elk Grove Police Department." Elk Grove Police Department Policy Manual Policy 200.3.

25. <u>Standards</u>: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS's practices and customs are inconsistent with state law, applicable industry standards, and their own policies and procedures. For example:

    (a) California Commission on Peace Officer Standards and Training (POST) Learning Domain 20 (Use of Force/Deescalation), Learning Domain 33 (Arrest Methods/Defensive Tactics), Learning Domain 37 (People with Disabilities).

    (b) Elk Grove Police Department Policy 306 (Handcuffing and Restraints), Policy 308 (Control Devices and Techniques), Policy 323 (Prisoner Transport), Policy 418 (Mental Illness Commitments), Policy 418 (Intoxicated Persons), Policy 466 (Crisis Intervention Incidents), Policy 470 (Medical Aid and Response), Policy 1022 (Seat Belts).

26. <u>Restraints</u>: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS knowingly participated in, acquiesced to, and/or exhibited deliberate indifference to the creation and maintenance of an informal policy or custom of inaction and poor training, including:

    (a) Permitting multiple officers to apply pressure on a subject in order to apply handcuffs, without regard to a subject's mental state or fitness;

    (b) Failing sufficiently to train when and how to use the WRAP restrain device,

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

including without regard to a subject's mental state or fitness;

(c) Failing sufficiently to adopt policies and procedures to prevent or minimize the risk of positional asphyxia; and

(d) Failing sufficiently to train officers against the dangers of positional asphyxia for subjects placed in a prone position.

27. Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom whereby personnel are permitted to engage in excessive force, without meaningful consequence, discipline, or corrective action. For example:

(a) On November 30, 2016, 41-year-old Daniel Landeros was killed by Elk Grove Police Department officers who used of excessive force, including improper restraints. Landeros was involved in a vehicle accident and attempted to flee from the scene on foot. Officers Steve Holstad and Samuel Schafer pursed Landeros. Landeros displayed symptoms of mental illness as he fled, including expressing a belief that the officers were "fake." Schafer then deployed a taser at Landeros, striking him and causing him to tense up and fall to the ground onto his back. Schafer and Holstad approached Landeros, turned him onto his stomach, and handcuffed him behind his back. The officers placed their knees on Landeros's shoulders and thigh, while Landeros repeatedly asked the officers to let him up. Landeros was groaning and breathing heavily. Officers Jeremey Banks and Patrick Scott then arrived on scene. Banks took a position on Landeros's right side and placed his knee on Landeros's right shoulder, while holding Landeros's head down with both hands. Scott restrained Landeros's feet and legs by applying a figure-four leglock and then crossing Landeros's legs and forcing his feet and legs into his buttocks, placing the weight of all four officers on Landeros's chest and stomach. Holstad and Schafer applied double-locked handcuffs to Landeros's arms. Schafer estimated that there was 900 pounds of weight placed on Landeros (the total weight of the four officers). About three minutes after Schafer and Holstad placed Landeros on his stomach, Landeros made his last audible sound and stopped moving. Officers Justin Parker and Daniel Coleman then arrived on scene. Banks requested a WRAP restraint device be applied to Landeros. Banks asked Landeros whether he was okay, without a response. Coleman observed that Landeros was turning blue. The officers placed Landeros onto his side and unsuccessfully

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

attempted to elicit a response from him. CPR on Landeros was unsuccessful. Landeros was declared dead. Landeros's autopsy noted multiple findings consistent with death caused by the officers preventing Landeros from being able to breathe. A civil rights lawsuit was filed. *Landeros v. Schafer*, No. 2:17-cv-02598-WBS-CKD (E.D. Cal.), No. 22-16866 (9th Cir.). The case settled for $1,700,000.

    (b) On September 23, 2021, 34-year-old David Bocci was killed by Elk Grove Police Department officers who used of excessive force, including improper restraints. Firefighters found Bocci inside of a vehicle stopped at an intersection. Bocci was acting "erratically," appeared "agitated," and covered in sweat. Bocci exited the vehicle and began yelling "nonsensically" and swinging his arms. The firefighters took the vehicle's keys from Bocci and called police. Officer Nathan Meyerdick arrived on scene and observed Bocci "sweating excessively and rambling incoherently" and appeared to be hallucinating. Meyerdick believed that Bocci might be under the influence of a controlled substance or experiencing a mental health issue. Bocci reached inside of the vehicle, grabbed a book from the front seat area, and clutched the book to his chest. Meyerdick grabbed Bocci's left hand and applied a twist-lock control. Officer Shawn Vargas arrived on scene. Meyerdick and Vargas led Bocci to Vargas' patrol vehicle and attempted to apply handcuffs to Bocci's arms. Vargas struck Bocci with his right arm and used his body weight to slam Bocci to the ground. Meyerdick and Vargas applied handcuffs to Bocci's arms, while the officers held Bocci to the ground. Meyerdick used his hand and left leg to press weight on top of Bocci, as he was lying on the ground. Vargas requested dispatch to send a unit with a WRAP restraint device. Additional officers arrived on scene and began to place a WRAP restraint on Bocci, with Meyerdick's assistance. Fire Department personnel transported Bocci by ambulance to Methodist Hospital of Sacramento. Bocci remained in the WRAP restraint device at the hospital. Nurse Christy Reiner noted Bocci was "screaming incoherently, combative, and thrashing about." Bocci suffered a seizure until he stopped breathing. The hospital was unable to revive Bocci. Bocci was declared dead. Bocci's autopsy concluded that the manner of death was "Undetermined" and identified "physical altercation with law enforcement, including physical restraint" as a factor contributing to his death. Elk Grove Police Department Report No. 21-006391.

    (c) On October 14, 2022, Dakarai Allen was assaulted by Elk Grove Police Department officers who used of excessive force, including improper restraints. Allen was sleeping

7

inside of his vehicle which was parked in a residential neighborhood. Officers Sean McPherson and Evan Kwan arrived on scene in response to a dispatch report that the vehicle's occupant may be injured or dead. Upon observing Allen sleeping, Kwan said to McPherson, "I think he's just drunk." Officers Timothy Huppert, Kevin Finkes, and Brayden Kelly arrived on scene. McPherson and Kwan opened the door of Allen's vehicle, announced "police department," and attempted to pull Allen from the vehicle. Allen was disoriented and stumbled out of the vehicle. McPherson said, "Oh, he's just hammered." The officers stood Allen up against the side of his vehicle and began to place him in handcuffs. Allen asked the officers why he was being arrested. McPherson and Kwan slammed Allen against the back of his vehicle and falsely accused Allen of resisting. McPherson and Kwan applied a handcuff to Allen's left hand and used a takedown maneuver to tackle Allen to the ground. McPherson and Kwan caused Allen to fall face-first to the ground, striking his face on concrete. McPherson twice struck Allen's right leg with a baton fracturing his knee in three places. Finkes, Huppert, and Kelly piled on top of Allen, rolled him into a prone position, and placed their knees and hands on Allen's neck, shoulders, and back. McPherson applied a figure-four leglock on Allen, crossing his ankles and folding his knees so his feet were against his lower back. Kwan produced a WRAP restraint device and the officers applied the device to Allen. A civil rights lawsuit was filed. *Allen v. City of Elk Grove*, No. 2:24-cv-01994-DJC-AC (E.D. Cal.). The case remains pending.

28.     <u>Mental Health</u>: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies, including those prescribed by the California Peace Officer Standards and Training (POST) Learning Domain 37 (People with Disabilities). Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS failed adequately to train officers under their command in critical areas, including, for example:

(a)     how and when to call for the assistance of officers or professionals with specialized training in dealing with mental illness, when possible;

(b)     how to approach persons suffering from mental disability or substance impairment;

(c)     how to speak to persons suffering from a mental disability or substance

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

impairment;

        (d)    how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

        (e)    how to respect the personal space of persons suffering from mental disability or substance impairment;

        (f)    how reasonably to accommodate the disabilities of persons suffering from mental disability or substance impairment; and

        (g)    how to de-escalate, without use of force, incidents involving persons suffering from mental disability or substance impairment.

29. Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS knew or should have known that a substantial number of contacts had occurred between their personnel and persons wherein force has been applied involved mentally ill and/or substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders, commands, brusk and direct language, and escalating force. Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS regularly received calls for assistance with persons undergoing mental health crises and, as a result, officers under their command are on the front lines in dealing with persons with mental health problems, such as SCOTT SAETERN.

30. <u>Obviousness</u>: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies and deficiencies were so obvious and likely to result in the violation of rights of persons including SCOTT SAETERN.

31. <u>Moving Force / Causation</u>: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS do not meaningfully discipline, re-train, correct, or otherwise penalize personnel involved in critical incidents where preventable deaths and injuries are sustained by inmates, including those incidents described above. Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS's failure to correct the inadequate policies, customs, and practices described is evidenced by preventable deaths and injuries including SCOTT SAETERN's

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

injuries and death.

32. Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS's inadequate policies, customs, training, supervision, and control of personnel and inmates were a moving force behind and contributed to the injuries and death of SCOTT SAETERN.

## FIRST CLAIM

## Unwarranted Interference with Familial Association

## (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

33. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN assert this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10.

34. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN reallege and incorporate the allegations of the preceding paragraphs 1 to 32, to the extent relevant and as if fully set forth in this Claim.

35. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN shared a close relationship and special bond with SCOTT SAETERN, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to his death. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN resided with, were financially depend on, and frequently visited and spoke with SCOTT SAETERN, prior to his death.

36. *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10 caused the unwarranted interference with, and premature termination of, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN's familial association with SCOTT SAETERN, including by causing excessive force to be utilized against SCOTT SAETERN, with a purpose-to-harm and/or deliberate indifference to rights protected by the Fourteenth Amendment to the United States Constitution.

37. Defendants ROBERT DAVIS and DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

38. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN were injured as a direct and

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

proximate result of Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10; and punitive damages against Defendants ROBERT DAVIS and DOE 1 to 10.

WHEREFORE, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN pray for relief as hereunder appears.

## SECOND CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

39. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN assert this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10.

40. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN reallege and incorporate the allegations of the preceding paragraphs 1 to 32, to the extent relevant and as if fully set forth in this Claim.

41. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN shared a close relationship and special bond with SCOTT SAETERN, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a loving parent-child relationship, prior to his death. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN resided with, were financially depend on, and frequently visited and spoke with SCOTT SAETERN, prior to his death.

42. *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10 caused the unwarranted interference with, and premature termination of, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN's familial association with SCOTT SAETERN, including by causing excessive force to be utilized against SCOTT SAETERN, with a purpose-to-harm and/or deliberate indifference to rights protected by the First Amendment to the United States Constitution.

43. Defendants ROBERT DAVIS and DOE 1 to 10's actions and inactions were motivated by

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

44.   Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN were injured as a direct and proximate result of Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory (wrongful death) and nominal damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10; and punitive damages against Defendants ROBERT DAVIS and DOE 1 to 10.

WHEREFORE, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN pray for relief as hereunder appears.

## THIRD CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

45.   Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN assert this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10.

46.   Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN reallege and incorporate the allegations of the preceding paragraphs 1 to 44, to the extent relevant and as if fully set forth in this Claim.

47.   *Municipal / Supervisory / Individual Liability*: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10 caused the unwarranted interference with, and premature termination of, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN's familial association with SCOTT SAETERN, with deliberate indifference or reckless disregard to rights protected by the First and Fourteenth Amendments to the United States Constitution; and Article I, Section 7(a) of the California Constitution.

48.   *Vicarious Liability*: Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

employees acting within the scope of employment, including Defendants ROBERT DAVIS and DOE 1 to 10.

49. Defendants ROBERT DAVIS and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

50. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN were injured as a direct and proximate result of Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10's actions and inactions, entitling them to receive compensatory (wrongful death) and treble damages and civil/statutory penalties against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10; and punitive damages against Defendants ROBERT DAVIS and DOE 1 to 10.

WHEREFORE, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN pray for relief as hereunder appears.

## FOURTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

51. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN assert this Claim against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10.

52. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN reallege and incorporate the allegations of the preceding paragraphs 1 to 50, to the extent relevant and as if fully set forth in this Claim.

53. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN shared a natural and loving parent-child relationship with the SCOTT SAETERN. Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN resided with, were financially depend on, and frequently visited and spoke with SCOTT SAETERN, prior to his death.

54. *Individual Liability*: Defendants DOE 1 to 10 caused SCOTT SAETERN's death by wrongful act and neglect, including by using and/or participating in the use of excessive force against SCOTT SAETERN and by failing sufficiently to respond to the serious medical needs of SCOTT

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

SAETERN, in violation of the United States Constitution, California Constitution, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

55. *Supervisory Liability*: Defendants ROBERT DAVIS owed SCOTT SAETERN a duty of care, including through Defendants ROBERT DAVIS's own conduct in creating or increasing an unreasonable risk of harm to SCOTT SAETERN; through Defendants ROBERT DAVIS's special relationships (employer-employee) with Defendants DOE 1 to 10; and/or through Defendants ROBERT DAVIS's special relationship (public protection) with, and affirmative duty to protect, SCOTT SAETERN, and breached that duty including by maintaining policies or customs of action and inaction which resulted in harm to SCOTT SAETERN in violation of the United States Constitution, California Constitution, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

56. *Municipal / Supervisory Liability*: Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, and ROBERT DAVIS caused SCOTT SAETERN's death by wrongful act and neglect, including by maintained policies or customs of action and inaction resulting in harm to SCOTT SAETERN, in violation of the United States Constitution, California Constitution, federal and state laws, regulations, policies, standards, general orders, procedures, training, national and local standards, and/or California Civil Code § 1714(a).

57. *Vicarious Liability*: Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and/or pursuant to California Government Code § 815.2(a) for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants ROBERT DAVIS and DOE 1 to 10.

58. Defendants ROBERT DAVIS and DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

59. SCOTT SAETERN died as a direct and proximate result of Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10's actions and inactions, entitling Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN to receive compensatory

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

(wrongful death) damages against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10; and punitive damages against Defendants ROBERT DAVIS, and DOE 1 to 10.

WHEREFORE, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN seek Judgment as follows:

1. For an award of compensatory, general, special, and nominal damages (including wrongful death/ loss-of-child damages under federal and state law) against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants ROBERT DAVIS and DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For funeral and/or burial expenses;

4. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF ELK GROVE, ELK GROVE POLICE DEPARTMENT, ROBERT DAVIS, and DOE 1 to 10, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants CITY OF ELK GROVE and ELK GROVE POLICE DEPARTMENT, pursuant to California Civil Code § 818);

5. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

6. For interest; and

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

7. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: September 22, 2025                             Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

   Attorneys for Plaintiffs
   SARN FIN SAECHOO and LAY HIN SAETERN

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Saechoo v. City of Elk Grove*, United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs SARN FIN SAECHOO and LAY HIN SAETERN.

Dated: September 22, 2025                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

       Attorneys for Plaintiffs
       SARN FIN SAECHOO and LAY HIN SAETERN